UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

BRANDON P. HUTCHINS, Plaintiff,

v. Civil Action No. 3:19-cv-523-DJH-CHL

COMMISSIONER OF SOCIAL SECURITY, Defendant.

\* \* \* \* \*

## **ORDER**

Brandon Hutchins filed this action seeking review of the Commissioner's decision to deny Hutchins's application for disability insurance benefits. (Docket No. 1) The case was referred to Magistrate Judge Colin H. Lindsay for report and recommendation. (D.N. 15) Judge Lindsay issued his Report and Recommendation on July 31, 2020, recommending that the Commissioner's decision be affirmed. (D.N. 25) Hutchins timely objected to the report and recommendation. (D.N. 26) After careful consideration, the Court will adopt in full Judge Lindsay's Report and Recommendation and affirm the Commissioner's decision.

**I.**

Plaintiff Brandon Hutchins filed an application for disability insurance benefits on February 24, 2016. (D.N. 11-5, PageID # 244) On October 24, 2018, an Administrative Law Judge concluded that Hutchins was not disabled after engaging in the five-step evaluation process to determine eligibility for disability benefits. (D.N. 11-2, PageID # 79) At step four of the process, the ALJ found that Hutchins was not disabled because he "has the residual functional capacity to perform sedentary work . . . except he should avoid climbing ladders, ropes, or scaffolds or more than occasional climbing of ramps and/or stairs." (*Id.*, PageID # 69) In reaching this

decision, the ALJ considered opinion evidence from, among others, Dr. Lorilea Conyer (an examining opinion) and non-examining Kentucky state agency consultants. (*Id.*, PageID # 76-77)

As part of the evaluation process, the ALJ assigned weight to each medical opinion. (*Id.*) When reviewing Dr. Conyer's opinion that Hutchins had a "marked limitation in ability" to follow instructions, the ALJ assigned the opinion "little weight" because the ALJ found that it relied "too heavily on the claimant's self-report of limitations" and was inconsistent with the other "objective evidence in the file." (*Id.*, PageID # 77)  In contrast, the ALJ accepted the opinion of non-examining State Agency psychological consultants that Hutchins could follow instructions and complete routine tasks because this evaluation was consistent with other information in the record about Hutchins's mental function. (*Id.*) The ALJ also accepted the opinion of the non-examining State Agency medical consultants that Hutchins was capable of a light range of work. (*Id.*) The ALJ did, however, modify this finding to conclude that sedentary work would be more appropriate given that Hutchins had continued "neuropathic/radiculopathy pain in the left lower extremity as well as a second episode of deep vein thrombosis in this extremity." (*Id.*)

Hutchins filed this action on July 17, 2019, alleging that the Commissioner's findings were not supported by substantial evidence. (D.N. 1, PageID # 2)  The Court referred the matter to Judge Lindsay, who recommended that the Commissioner's decision be affirmed. (D.N. 25) Hutchins raises two objections to the report and recommendation: first, that the ALJ improperly weighed the opinion evidence concerning the examining and non-examining psychological opinions; and second, that the ALJ lacked an adequate basis for his finding as to Hutchins's physical residual functional capacity. (D.N. 26, PageID # 1375-77)

## II.

When reviewing a report and recommendation, the Court reviews de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The Court may adopt without review any portion of the report to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Upon review, the Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Accordingly, the Court will review de novo the portions of Judge Lindsay's recommendation to which Hutchins objects.

In reviewing an ALJ's decision, the Court asks "whether it is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citations omitted). "Substantial evidence is defined as more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotations omitted). The Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Cohen v. Sec'y of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)). Where substantial evidence supports the ALJ's decision, the Court "must affirm." *Staymate v. Comm'r of Soc. Sec.*, 681 F. App'x 462, 466 (6th Cir. 2017) (citing *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994)). Moreover, "[t]he findings of the [ALJ] are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Comm'r of Soc. Sec.*, 246 F.3d 762, 772-73 (6th Cir. 2001); *see also Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999) ("Even if the evidence could also support another conclusion, the decision of the

Administrative Law Judge must stand if the evidence could reasonably support the conclusion reached.").

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920 (2020). Hutchins raises two objections to the ALJ's findings concerning Hutchins's residual functional capacity, and the Court construes Hutchins's arguments as objections to the ALJ's analysis under step four of the five-step process. (*See* D.N. 26, PageID # 1375-77) At step four, the ALJ compares the claimant's residual functional capacity with the physical demands of his past relevant work. 20 C.F.R. § 404.1520(f). The evaluation of the RFC is a legal decision and is solely within the province of the ALJ. 20 C.F.R. § 404.1546(c). In determining the claimant's RFC, the ALJ is required to consider the record as a whole, including the claimant's testimony and opinions from the claimant's medical sources. *See* 20 C.F.R. §§ 404.1545(a), 416.945(a)(1). If a claimant can still perform his past work, he will not be found disabled. 20 C.F.R. §§ 404.1546(c), 404.1560(b)(3). The claimant has the burden of proof at step four. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997). Hutchins's objections identify two purported deficiencies with the ALJ's assessment; the Court will discuss each one in turn.

**A.     Evaluation of Medical Opinions**

Hutchins's first objection to the report and recommendation is that the ALJ improperly weighed an examining opinion and a non-examining opinion when determining Hutchins's RFC. (D.N. 26, PageID # 1375) Hutchins alleges that the ALJ gave too much weight to (1) medical opinions that did not consider Hutchins's guardianship; (2) medical opinions that did not "fully consider" Dr. Conyer's objective testing; and (3) Hutchins's improvement during inpatient rehabilitation. (*Id.*, PageID # 1375-77)

4

Opinions from non-treating sources are never given controlling weight; instead, such opinions are weighed based on the "examining relationship (or lack thereof), specialization, consistency, and supportability, but only if a treating-source opinion is not deemed controlling." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 375 (6th Cir. 2013) (citing 20 C.F.R. § 404.1527(c)). Other factors "which tend to support or contradict the opinion" may be considered in assessing any type of medical opinion. 20 C.F.R. § 404.1527(c). An ALJ is permitted to assign weight to an examining physician's opinion based on the opinion's consistency with the record as a whole. *Ealy v. Comm'r of Soc. Security*, 954 F.3d 504, 514 (6th Cir. 2010). Regarding examining-but-nontreating sources, the ALJ must say enough "to allow the appellate court to trace the path of his reasoning." *Stacey v. Comm'r of Soc. Sec.*, 451 F. App'x 517, 519 (6th Cir. 2011) (quoting *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995)).

Hutchins fails to establish that the ALJ's decision lacks substantial evidence. While Hutchins cites regulations that set out the factors for evaluating medical opinions (D.N. 26, PageID # 1375), those regulations do not indicate that any factor (such as a claimant's guardianship) is determinative. *See* 20 C.F.R §§ 404.1527(c)(3), (c)(6). The regulations thus do not support Hutchins's contention that an ALJ errs in assigning significant weight to a medical opinion that did not discuss guardianship.

Contrary to Hutchins's assertion that the non-examining opinions did not fully consider Dr. Conyer's objective testing (D.N. 26, PageID # 1376), the ALJ pointed out that these non-examining opinions "noted that objective observations of the claimant by medical sources" indicated that Hutchins could complete routine tasks, follow instructions, and adapt to changing tasks. (D.N. 11-2, PageID # 77) The ALJ decided to accept this opinion because it was consistent with the other evidence in the record. (*Id.*) Therefore, the ALJ did not err by assigning greater

5

weight to the non-examining opinions because they were consistent with the rest of the record. *See Ealy*, 954 F.3d at 514.

Hutchins also alleges, without support, that there was not substantial evidence for the ALJ to find that his RFC would allow him to work. (D.N. 26, PageID # 1377) The ALJ noted that by the time of his discharge from inpatient rehabilitation on March 15, 2016, "Hutchins was able to comprehend and express basic/complex information with no difficulties. He demonstrated mild cognitive-linguistic deficits. [Hutchins] was noted to be distractible at times; however, he was able to complete functional memory/problem solving task with minimal cues." (D.N. 11-2, PageID # 76) The ALJ supported these findings with citations to Hutchins's discharge summary from physical and occupational therapy. (D.N. 11-7, PageID # 769) In addition, the ALJ pointed out that "[w]ithin a few months, [Hutchins] was acting on his own accord and making decisions regarding his medical conditions," and, notably, that Hutchins's own testimony suggested that he had "no significant difficulty with activities of daily living" and that Hutchins "drives independently." (D.N. 11-2, PageID # 76) The Court therefore finds that substantial evidence supports the ALJ's conclusion that Hutchins's cognitive condition had improved to the point that his RFC would allow him to work.[1] *See Staymate*, 681 F. App'x at 466 (citing *Barker*, 40 F.3d at 794).

**B.     ALJ's evaluation of the physical RFC**

Hutchins's second objection to the magistrate judge's report and recommendation is that the magistrate judge recommended accepting the ALJ's physical RFC finding. (D.N. 26, PageID

---

[1] Hutchins relatedly argues, without support, that the ALJ did not adequately fulfill his duty to develop the record concerning Hutchins's improvement. (D.N. 26, PageID # 1377) This effectively is another way of saying that the ALJ did not have substantial evidence to support his decision. As the Court has already concluded, the ALJ based his decision on substantial evidence, and therefore this argument also fails.

# 1377) Specifically, Hutchins argues that the medical opinions relied on by the ALJ do not constitute substantial evidence because they "do not amount to adequate guidance for the ALJ's assessed RFC of a reduced range of sedentary work." (D.N. 26, PageID # 1377) Instead, Hutchins contends that the ALJ should have relied on the opinion of P.A. Wampler, which found limitations that precluded Hutchins from completing sedentary work. (D.N.18-1, PageID # 1319) To support this contention, Hutchins relies on *Houston v. Astrue* and argues that the magistrate judge improperly distinguished *Houston*. (D.N. 26, PageID # 1377)

In *Houston*, the Court remanded an ALJ's decision for a "new decision that contains an RFC finding that is supported by at least one medical opinion that takes into account the opinions of the treating sources and the treatment record as a whole and which identifies good reasons for the weight given to treating source medical opinions." *Houston v. Astrue*, No. 5:09-cv-220-EHJ, 2010 WL 3620205, at *8 (W.D. Ky.), *report and recommendation adopted*, No. 5:09-cv-220-EHJ, 2010 WL 3620185 (W.D. Ky. Sept. 10, 2010). The RFC in *Houston* was not supported by substantial evidence because the ALJ relied on non-examining opinions that were issued before a later treating opinion. *Id.* at *7.

In Hutchins's view, this means that the ALJ's decision in his case is not supported by substantial evidence because the ALJ relied on non-examining opinions to conclude that he was capable of sedentary work. (D.N. 26, PageID # 1378; *see also* D.N. 18-1, PageID # 1317-18) But this argument misconstrues *Houston* and the authority relied on in that case. There, the non-examining opinion was not substantial evidence because it came before a significant period of treatment and thus could not have taken the treating opinion and the later-developed record into consideration. *Houston*, 2010 WL 3620205, at *7. In contrast, the non-examining opinion in Hutchins's case came after the treating opinion and examining opinion, and therefore the non-

examining opinion could consider the whole record. (D.N. 11-2, PageID, # 77) Hutchins presents no other argument that the ALJ's findings concerning his physical RFC are unsupported by substantial evidence.[2] (*See* D.N. 26, PageID # 1377) The Court therefore agrees with the magistrate judge that the ALJ's RFC determination was supported by substantial evidence. (*See* D.N. 25, PageID # 1372)

### III.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)    Hutchins's objections (D.N. 26) are **OVERRULED**.

(2)    The Report and Recommendation of Magistrate Judge Colin H. Lindsay (D.N. 25) is **ADOPTED** in full and **INCORPORATED** by reference herein. A separate judgment will be entered this date.

---

[2] Hutchins's assertion that the ALJ should have relied on P.A. Wampler's opinion is unavailing because even assuming that PA Wampler's opinion would have been substantial evidence for the ALJ to conclude that Hutchins was disabled, "[t]he findings of the [ALJ] are not subject to reversal merely because there exists in the record sufficient evidence to support a different conclusion." *Buxton*, 246 F.3d at 772-73.